IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| NOEL R. HERTZING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-4273-SSA-CV-C-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Noel R. Hertzing seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on February 3, 2014. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1966 and was 42 years of age on the alleged disability onset date of July 21, 2009. Plaintiff has a seventh grade education and past relevant work as a truck driver and laborer.

The opinion of the Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since July 21, 2009, the alleged onset date; and that he was insured through December of 2012. The ALJ determined that plaintiff suffered from the severe impairments of history of gastric lymphoma and memory problems. Plaintiff's impairments or combination of impairments were determined not to meet or medically equal the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform medium work except he retains the capacity to understand, remember and carry out simple instructions and sustain concentration, persistence with simple repetitive tasks, relate adequately to others, and adapt to change in a simple work environment. Based on this RFC, the ALJ found that plaintiff could perform his past relevant work as a truck driver and laborer. The ALJ went on to find, with the assistance of testimony from a vocational expert, that plaintiff's RFC, in combination with his age, education and work

experience, would allow him to perform other unskilled jobs which exist in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff had not been under disability, as defined in the Social Security Act, from July 21, 2009, through the date of the ALJ's decision on November 22, 2010.

Plaintiff argues that the ALJ erred by failing to afford appropriate weight to medical opinions. Plaintiff argues the ALJ improperly gave minimal weight to the opinion of a consultative psychological examiner and substantial weight to the opinion of a state agency medical consultant.

In response, the Commissioner argues that the ALJ properly evaluated medical opinions of record and that the RFC determination by the ALJ is based on substantial evidence in the record as a whole.

After reviewing this case in its entirety and considering the arguments of the parties presented at oral argument, this Court finds there is substantial evidence in the record as a whole to support the decision of the ALJ that plaintiff is not disabled as defined by the Social Security Act.

Specifically, the ALJ did not err in the weight given the opinion of the psychological consultative examiner, Dr. Schmitz. The ALJ noted Dr. Schmitz' diagnosis of dementia not otherwise specified but also noted that there was no documentation that the plaintiff received mental health treatment. The ALJ's consideration of plaintiff's failure to seek mental health treatment is relevant when evaluating the existence of a mental impairment. Partee v. Astrue, 638 F.3d 860, 864 (8th Cir. 2011).

Even though Dr. Schmitz' impression is that plaintiff suffers from a form of dementia, Dr. Oguejiofor opined that plaintiff is capable of medium work with some restrictions that do not rise to the limitations under the medical listing. In addition, the ALJ's review of clinical notes does not support plaintiff's limitations as alleged. The ALJ may discount any medical opinion that is not consistent with the record as a whole. Wagner v. Astrue, 499 F.3d 842, 848 (8th Cir. 2007).

Here, the ALJ reviewed the evidence in the record, determined the opinion of the state agency consulting doctors were consistent with the totality of the evidence in the record, and therefore, afforded these opinions substantial weight. The ALJ did not err in weighing the medical evidence, and there is substantial evidence in the record to support his decision.

**Conclusion**

For the reasons set for above, this Court finds the ALJ's decision is supported by substantial evidence in the record.[2] Plaintiff is not disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 13th day of February, 2014, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that were not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.